Mr. Chief Justice Bingham
delivered the opinion of the Court:
This defendant, having been tried and convicted in the Police Court, appealed to the Supreme Court of the District holding a Special Term as a Criminal Court. He was then retried and reconvicted. He filed a motion in arrest of judgment, which the presiding justice (Mr. Justice Mac Arthur) deemed to be of importance as raising a question applicable to many cases of frequent occurrence, and he accordingly certified the motion here, to be heard in the first instance.
The information charged the defendant with keeping a bawdy house. In this District keeping a bawdy -house is a common law, not a statutory, offense; and the punishment, as in other cases where it is not fixed by statute, is fine or imprisonment, or both, at the discretion of the Court. 1 Bish. Crim. Law, 940; Whart., Crim. Pr. & PL, 919; United States vs. Coolidge, 1 Gall., 493; Respublica vs. De Longchamps, 1 Dall., 111; Re Jackson, 96 U. S., 727.
Keeping a bawdy house is distinctly recognized by our statute law to be a criminal offense, although as first stated, no law in force here expressly fixes the penalty. See Secs. 402, 403, R. S. D. C.
The jurisdiction of the Police Court is determined by Section 1049, R. S. D. C., which is as follows:
“The Police Court shall have original and exclusive jurisdiction of all offenses against the United States, committed in the District, not deemed capital or otherwise infamous crimes; that is to say, of all simple assaults and batteries and all other misdemeanors not punishable by imprisonment in the penitentiary, and of all offenses against the laws and ordinances of the District in force therein.”
It seems clear from the language of this section that when we have ascertained that a crime may be punished by imprisonment in the penitentiary, we have taken it away from the jurisdiction of the Police Court. And see U. S. vs. Cross, *36 1 Mac A., 149; U. S. vs. Buell, 1 Mac A., 502; Ex parte Wilson, 114 U. S., 417; Mackin vs. U. S., 117 U. S., 348; U. S. vs. Brady, 1 Mackey, 588; Article V, Amendment to Constitution.
The question remaining is whether the offense of keeping a bawdy house is punishable by imprisonment in the penitentiary. If so, then clearly, by reason of the section of the statute relating to the jurisdiction of the Police Court above quoted, the Police Court would have no jurisdiction of the offense. By the common law misdemeanors are punishable by fine and imprisonment in the jail only, and the duration of the imprisonment is at the discretion of the Court. Section 5541, R. S. U. S., is as follows:
“ In every case where any person convicted of any offense against the United States is sentenced to imprisonment for a period longer than one year, the Court by which the sentence is passed may order the same to be executed in any State jail or penitentiary within the District or State where such Court is held, the use of which jail or penitentiary is allowed by the legislature of the State for that purpose.”
An impression seems to have prevailed that the Police Court, by the provisions of this statute and of the Act of July 12,1876,19 Stat. at L., 88, authorizing the Attorney General of the United States, among other things, to designate the jails and penitentiaries to which persons may be sentenced by the courts of the United States, and to change the place of imprisonment, under certain circumstances, is deprived of jurisdiction in all cases where the imprisonment may be for more than one year. And this because it lias been claimed that the effect of these statutes is to require that all sentences to imprisonment for more than one year must be to confinement in the penitentiary and not a jail. These impressions do not seem to be justified by any language found in these statutes. It was not the purpose of Congress by this legislation to change the jurisdiction of any court as to any class of crimes or offenses, or to change the punish *37 ment theretofore attached to any crime or offense, but to regulate and fix the places of punishment whether the sentence be to the jail or penitentiary. By no just construction can it be held that the Attorney General is given- the power to change the sentence of a court from the jail to the penitentiary, or to order that a prisoner sentenced to the former shall be confined in the latter. He may, under the conditions stated in the Act of July 12, 1876, remove a prisoner from one jail to another or from one penitentiary to another.
In U. S. vs. Buell, 1 Mac A., 502, a case in which an information had been filed in the Police Court, charging the defendant with libel, it was held by this Court that the Police Court had no jurisdiction. Libel is a common-law offense, the punishment for which is not fixed in this District, but is fine or imprisonment, or both, at the discretion of the Court.
Unquestionably, if this decision is to be regarded as a correct interpretation of the law, it disposes of this case, since libel is an offense of the same class as keeping a bawdy house.
But in our judgment the decision of the Court in the Buell Case was erroneous. We are not satisfied with the reasoning of either of the judges, in support of the conclusion reached in that case. We have already seen that the Act of Congress, authorizing the Attorney General to arrange for places of imprisonment, and Section 5541, R. S. U. S., do not affect the punishment of common-law offenses; hence, they do not affect the jurisdiction of the Police Court under Section 1049, R. S. D. C.
The only ground assumed for the decision in the Buell Case, at all tenable, was that as the punishment might be imprisonment for more than one year in the penitentiary, the Police Court had, therefore, no jurisdiction, that Court being expressly limited to a class of cases not punishable in the penitentiary. But as we have already seen there is ño authority for saying that for any common-law misde *38 meanor, except where the statute has so expressly provided, the offender upon conviction, may be sentenced to imprisonment in the penitentiary for any period of time whatever. Neither is there anything in the legislation of Congress limiting the power of the Police Court in such a case to sentencing the offender to imprisonment in the jail for a period not exceeding one year. The jurisdiction given to. the Police Court by Section 1049, R S. D. C., remains unimpaired. U. S. vs. Buell, 1 Mac A., 502, overruled.

Motion overruled and cause remanded for sentence.